WILLIAM WILKE, Appellant, v. C. N. WEEDMAN, ALBERT F. WEEDMAN, ALFUS WEEDMAN and WEBSTER CITY PACKING AND COLD STORAGE CO.

**Landlord and tenant:** COMPROMISE AND SETTLEMENT: EVIDENCE. In this action for rent the act of the tenant in turning over the key to the premises and surrendering the premises for the remainder of the term was a sufficient consideration for a compromise and settlement of the rent to be paid up to the time of the surrender.

*Appeal from Hamilton District Court.*—HON. R. M. WRIGHT, Judge.

MONDAY, NOVEMBER 21, 1910.

ACTION to recover rent resulted in a judgment for defendants. The plaintiff appeals.—*Affirmed.*

*J. W. Lee,* for appellant.

*Boeye & Henderson,* for appellees.

LADD, J.—Plaintiff leased to defendants a building in Webster City for a term of three years beginning February 7, 1906, at a rental of $15 per month. Indorsed on the lease was a reduction of the term to June 1, 1907, and recovery was sought for rent up to that time less $88.84 paid. The defense interposed was that the building was leased for use as a market and cold storage of meats; that plaintiff orally agreed to install a refrigerator or ice box sufficient for the storage and preservation of meats, and did install such a refrigerator, but that it was wholly unfit and inadequate for such purpose, because of which defendants were utterly unable to preserve their meats, and for this reason were compelled to quit said business and leave the premises; that a controversy arose as to whether defendant company was liable for further rent under the lease, and on or about June 1, 1907, a full settlement was had under which defendant company paid plaintiff $30 in full of all demands, and plaintiff accepted the surrender of the lease. The court directed the jury to return a verdict for C. N., Albert F., and Alfus Weedman, for that they did not sign the lease, and the Webster City Packing & Cold Storage Company was a corporation, and not a co-partnership composed of said defendants, as alleged in the petition. Such appears to have been the fact, and for this reason the judgment in their favor must be, and is, affirmed.

As between the plaintiff and company, the sole controversy was whether their differences had been settled as alleged in the answer. The rent had been paid to July 1, 1906, and thereafter in January, 1907, defendant had applied a load of hay valued at $7.84 thereon. The plaintiff testified that the agreement with reference to the refrigerator was subsequent to the execution of the lease, and this was not disputed. It must have been furnished voluntarily then, and whatever its defects these would not warrant the abandonment of the premises by defendant.

However, the possession does not appear to have been surrendered, though C. N. Weedman, manager of the company, testified that he notified plaintiff that he would do so, but it was undisputed that he did not turn over the key until June 1, 1907. Weedman testified that on the day last named he met plaintiff, who informed him of an opportunity he had to lease the building for a millinery store, and proposed to do so if he and Weedman could make a satisfactory settlement; that, after considerable parley, they agreed that, if Weedman would pay plaintiff $30, a cash drawer, a counter, and a meat rack of the company then in the building, plaintiff would surrender the lease; and that he paid plaintiff as agreed, gave him the key to the building, and subsequently signed the indorsement reducing the term of the lease. The plaintiff denied that any settlement was had or any money paid, but admitted having had a conversation which resulted in reducing the term of the lease. The court submitted to the jury whether a settlement was effected about June 1, 1907, and the exceptions of the appellant, as we understand his brief, are (1) that claim of plaintiff was liquidated, and there was no consideration for the compromise alleged; and (2), even if there was evidence of a consideration, it was in dispute, and the issue should have gone to the jury. Conceding without deciding, that the controversy concerning the refrigerator might not have been sufficient basis for any reduction of rent, it does not follow that there was no consideration therefor. Two other matters may have supplied this. In the first place, the company through Weedman agreed to the reduction of the term, and second, turned over the key to the building, neither of which he was bound to do but for such settlement. The record contained no evidence as to the value of the lease save plaintiff's statements to Weedman of what he could rent it for. The plaintiff desired the possession of the premises to rent and turning over

the key and surrendering the remainder of the term of the lease was sufficient consideration upon which to base the alleged compromise. Again, defendant paid plaintiff for the cash drawer, counter, and meat rack, the value of which according to Weedman was not estimated, and, if so, these would have furnished the consideration necessary. True, plaintiff said their value was determined, and this put the question as to whether their value was ascertained in issue, and it may be that, but for the consideration heretofore mentioned, there would have been error in not submitting the issue to the jury; for, if the price thereof was ascertained, the claim of plaintiff would continue liquidated while, unless otherwise agreed, he was at liberty to pay as much therefor in adjustment of differences as he pleased. But there was no error in the court assuming that the reduction of the lease and surrender of the key were sufficient consideration for the settlement if made. We have discovered no error in the record, and the judgment is *affirmed.*